GRANT, J.
The action below was in mandamus. The respondent is mayor of the village of East View. The council of the village, in form of law, declared it to be necessary to improve Kinsman road, one of its streets, at an estimated expense of nearly thirteen thousand dollars, the fund to meet the expenditure being provided for as required by statute.
Notice that bids for the work would be received on April 15, 1918, at meridian, was published in a newspaper of circulation in East View; such publication being twice made, on April 4, and April 11, 1918, respectively, and at no other time. The bids were opened at the date named in the notice namely, on April 15, 1918. Council of the village on July 15, following, found that the relator was the lowest and best bidder- for the work to be done, and thereupon awarded the contract to him and directed the mayor and clerk to execute it by signing it as provided by statute.
The mayor refused to do this, and the suit below was to compel him to do so or show cause why he should not.
For cause the mayor by answer, among other things, alleged that the relator was not the lowest and best bidder for the work; that another bid was seven hundred dollars lower than his bid, which lower bid was rejected by the council on the ostensible ground that the bidders — there were two of them — were subjects of Italy, although they had in due form of law declared their intentions to become citizens of the United States; that the action of the council in receiving bids on the day named and in assuming to award the contract as they did, amounted to an abuse of the discretion vested in them in the matter and so was wholly inoperative and of no effect.
To this defense the relator demurred. The demurrer was overruled, and the relator not choosing to plead further, judgment went against him dismissing his suit. Whereupon he prosecutes error to reverse that judgment.
The sole question here, therefore, is, was the demurrer properly overruled?
This question again is resolved into the further inquiry as to whether any discretion is lodged in the mayor as to signing the *598 contract provided for him by the council, or as to witholding his signature.
For it seems certain that if he has discretion, while mandamus may compel him to exercise it one way or the other, he can not be compelled to exercise in a particular way.
The first proposition concerns the sufficiency of the notice as advertised in point of elapsed time.
The statute in that respect, Sec. 4221 G. C., is as follows:
“All contracts made by the council of a village shall be executed in the name of the village, signed on behalf of the village by the mayor and clerk. When any expenditure other than the compensation of persons employed therein exceed five hundred dollars, such contracts shall be in writing and made with the lowest and best bidder after advertising for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the village. The bids shall be opened at twelve o’clock noon on the last day for filing them, by the clerk of the village and publicly read by him. ’ ’
Without particular regard to the historical evolution of this section, our opinion is that its language, in the respect we are now discussing, furnishes a sufficient test of its application to the exigency confronted by it. What constitutes a week is a matter of common knowledge; it means seven days in continuity of lapse. By the same token, two weeks are fourteen days, one following upon another, in sequence of succession. We find no particular significance in the words “consecutive weeks,” as found in the section. . A literal translation of “consecutive,” is following next. The word throws no light on the question in hand to the effect of varying the definition already given.
To our apprehension, the really operative words which can resolve any doubt in the matter are “not less than.”
“Not less than” two weeks, — unless controlled otherwise by judicial construction — means not less than fourteen days, in a continuous following of one upon that which went next before it.
We feel that any ingenuity expended in coming to another conclusion, would be effort wasted, and work directed to no practicable end.
We have examined Gilfillin v. Koke, 2 Dec. Re. 172 (1 W. L. M. 704), and Harmon v. Whittemore, 7 Dec. Re. 92 (1 Bull. *599 109). In the former, the late Judge William Lawrence, with characteristic industry, examined the question and reached, substantially, the determination we have indicated as our own in this case. In the latter, the late Judge Hamilton, in this county, followed the former. Both seems to have been well considered.
If we are right about this, then the notice as published, was substantially insufficient and conferred no right on the council to open the bids and let the contract, at the time this was done. What the respondent was called upon to sign, therefore, was in no legal sense a contract.
It will be observed that the requirement of Sec. 4221 is that “all contracts” of the village shall be signed by the mayor. He is not called upon to execute a paper that is no contract. That amount of discretion in the nature of things must be, and unquestionably is, vested in him. His discretion in that respect can not be measured by that of the council, nor can he be controlled in its exercise by what the council may think is a suitable exercise of theirs.
Even if the mayor were to sign such a contract as we have found this one to be, his signature would give to it no vitality and impart no force; it would still be no contract, except as to the form. The enabling statute was still with an unperformed condition, the performance of which could alone create a validity in it.
Our conclusion is that the answer of the respondent stated a defense to the action, and that the demurrer to it was properly overruled.
It follows that there is no error in the record and the judgment under review must be affirmed.
Dunlap and Washburn, JJ., concur.